IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARVIN WILLIAMS and SHIRLEY WILLIAMS,  §<br>§<br>§<br>Plaintiffs,  §<br>§<br>vs.  §<br>§<br>AVON PRODUCTS, INC.;  §<br>BRENNTAG NORTH AMERICA, INC.  §<br>(sued individually and as successor-in-interest  §<br>to MINERAL PIGMENT SOLUTIONS, INC.  §<br>and as successor-in-interest to WHITTAKER  §<br>CLARK & DANIELS, INC.);  §<br>**BRENNTAG SPECIALTIES, TNC.**  §<br>f/k/a  §<br>MINERAL PIGMENT SOLUTIONS, INC.  §<br>(sued individually and as successor-in-interest  §<br>to WHITTAKER CLARK & DANIELS, INC.);  §<br>**BRISTOL-MYERS SQUIBB COMPANY**  §<br>(sued individually and as successor-in-interest  §<br>to CHARLES OF THE R1TZ);  §<br>**COLGATE-PALMOLIVE COMPANY**  §<br>(sued individually and as successor-in-interest  §<br>to THE MENNEN COMPANY);  §<br>**CYPRUS MINES CORPORATION;**  §<br>**CYPRUS AMAX MINERALS COMPANY**  §<br>(sued individually, doing business as, and as  §<br>successor to AMERICAN TALC  §<br>COMPANY; METROPOLITAN TALC  §  | Case No. _____ |

| | |
|---|---|
| CO. INC. and CHARLES MATHIEU INC. and SIERRA TALC COMPANY and UNITED TALC COMPANY); **JOHNSON & JOHNSON;** **JOHNSON & JOHNSON CONSUMER INC.**, a subsidiary of JOHNSON & JOHNSON; **REVLON CONSUMER PRODUCTS CORPORATION;** **RANDALL'S FOOD & DRUGS LP;** **RANDALL'S FOOD MARKETS, INC.;** **WHITTAKER CLARK & DANIELS, INC.;** **YVES SAINT LAURENT AMERICA, INC.**, a subsidiary of KERING HOLLAND NV, <br><br>   **Defendants.** | § § § § § § § § § § § § § § § § § § § § |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332, §1441, and §1446, Defendants Revlon Consumer Products Company ("Revlon"), and Bristol-Myers Squibb Company ("BMS")[1], by and through their attorneys, HAWKINS PARNELL & YOUNG LLP, file this Notice of Removal based on diversity of citizenship and amount in controversy, and would respectfully show the Court as follows:

### I. INTRODUCTION

1.1    On May 23, 2019, Plaintiffs filed their Original Petition in the matter *Marvin Williams and Shirley Williams v. Avon Products, et al.*, Cause No. 2019-35604, in the 152nd Judicial District Court of Harris County, Texas (the "State Court Action").[2] In that petition, which is the live petition at the time of this Notice, Plaintiffs assert various personal injury claims against Defendants abased on injuries allegedly caused by or arising out of exposure to products allegedly

---

[1] Collectively "Defendants"
[2] Attached as "Exhibit B-2"

manufactured, marketed, used, owned, distributed, sold, or specified by Defendants.

## II. TIMELINESS OF REMOVAL

2.1 Revlon was served with this lawsuit on or about June 30, 2019. Revlon is therefore filing this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b). *See Board of Regents of Univ. of Texas System v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

2.2 BMS was served with this lawsuit on or about May 30, 2019. BMS is therefore filing this notice of removal within the day time period required by 28 U.S.C. §1446(b). *See Board of Regents of Univ. of Texas System v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## III. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

3.1 Removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §1332(a). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005).

### A. Diversity

3.2 Here, the parties are completely diverse. Plaintiffs Marvin and Shirley Williams are citizens of Texas because that is where they domiciled. *See Preston v. Tenet Healthsystem Memorial Med. Center*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

3.3 Revlon is a corporation organized and incorporated under the laws of the State of

Delaware with its principal place of business in the State of New York. It is therefore a citizen of Delaware and New York. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317 (2006) ("…under 28 U.S.C. §1332(c)(1), a corporation is 'deemed to be a citizen' only of 'any State by which it has been incorporated' and 'of the State where it has its principal place of business.'").

3.4   BMS is a corporation organized and incorporated under the laws of the State of Delaware with its principal place of business in the State of New York.

3.5   Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in the State of New Jersey.

3.6   Defendant Johnson & Johnson Consumer Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey.

3.7   Defendant Avon Products, Inc. is a New York corporation with its principal place of business in the State of New York.

3.8   Defendant Brenntag North America, Inc. is a Delaware corporation with its principal place of business in the State of Pennsylvania.

3.9   Defendant Brenntag Specialties, Inc. is a Delaware corporation with its principal place of business in the State of New York.

3.10   Defendant Colgate-Palmolive Company is a Delaware corporation with its principal place of business in the State of New York.

3.11   Defendant Cyprus Mines Corporation is a New York corporation with its principal place of business in the State of California.

3.12   Defendant Cyprus Amax Minerals Company is a Delaware corporation with its principal place of business in the State of Colorado.

3.13   Defendant Whittaker, Clark & Daniels, Inc. was a New Jersey corporation with its

principal place of business in the State of New Jersey.

3.14   Defendant Yves Saint Laurent America, Inc. is a New York corporation with its principal place of business in the State of New York.

3.15   While Plaintiffs have also named Randall's Food & Drugs LP and Randall's Food Markets, Inc. ("Randall's"), and while Plaintiffs assert that Randall's maintains its principal place of business in Texas, (Compl., ¶ 15), Randall's (as explained in more detail below) has been fraudulently joined in this action and its citizenship should be disregarded for purposes of diversity jurisdiction.

3.16   Accordingly, there is complete diversity of citizenship between Plaintiffs and the properly joined Defendants, thus removal is proper.1 28 U.S.C. §§ 1332(a), 1441(a).

### B. Amount in Controversy

3.17   Plaintiffs specifically allege in the State Court Action that they seek monetary relief of over $1,000,000.00. This unequivocally satisfies the requirements of 28 U.S.C. §1332(a). Accordingly, the amount-in-controversy requirement for removal based on diversity jurisdiction is satisfied.

### IV.   PLAINTIFFS HAVE FRAUDULENTLY JOINED RANDALL'S, THUS ITS CITIZENSHIP SHOULD BE DISREGARDED

4.1   The inclusion of Randall's in the case cannot defeat diversity jurisdiction because Randall's was fraudulently or improperly joined. It is a familiar proposition in the Fifth Circuit, as elsewhere, that fraudulently joined defendants must be ignored in assessing whether the complete diversity requirement of federal diversity jurisdiction is met. See, e.g., *Burden v. General Dynamics Corp.*, 60 F.3d 213,217 (5th Cir. 1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990) (citizenship of fraudulently joined defendants should not be considered in

determining propriety of removal); *Arzehgar v. Dixon*, 150 F.R.D. 92, 94 (S.D. Tex. 1993). The term fraudulent joinder is actually a misnomer, because the jurisdictional doctrine does not generally require proof of fraud. See, e.g., *Burden*, 60 F.3d at 217; *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 n.1. (5th Cir. 2004) (doctrine referred to as doctrine of "Improper joinder"). Rather, to establish fraudulent joinder, a defendant must show that there is no reasonable basis for predicting that the plaintiff might be able to recover against the non-diverse defendant. *Smallwood*, 385 F.3d at 573 n.9.

4.2    Defendants Revlon and BMS contend that Randall's has been fraudulently joined in this litigation with the sole purpose of depriving Defendants of their right to a federal forum. In determining whether there has been fraudulent joinder in this case, the Court should consider the legitimacy and legal viability of the claims against Randall's, given the legal protections afforded to a Defendant like Randall's, which is simply a pass-through retailer of consumer cosmetic products, and the factual circumstances pled in support of the claims.[3]

4.3    Here, there is no reasonable basis for predicting that Plaintiffs might be able to recover against Randall's. The allegations against Randall's are simply that they sold the asbestos containing products manufactured by others to Plaintiffs. (Compl., ¶ 19 (a)).

4.4    Under Texas law, Randall's is an innocent retailer and, therefore, not liable. On July 1, 2003, the Texas Legislature eliminated liability for innocent product retailers or wholesalers. See Tex. Civ. Prac. & Rem. Code §82.003 (Vernon's Supp. 2004); *New Texas Auto Auction Services, L.P.v. Gomez De Hernandez*, 249 S.W.3d 400, 405 (Tex. 2008) ("To the extent chapter 82 addresses product claims generally [in §82.003], it reflects a legislative intent to restrict liability for defective products to those who manufacture them."); *Owens & Minor, Inc. v. Ansell*

---

[3] Defendants anticipate that Randall's will file a motion to dismiss following removal to this Court. That motion and all arguments made within are fully incorporated here.

*Healthcare Products, Inc.*, 251 S.W.3d 481,491 (Tex. 2008) ("The whole idea was that innocent retailers would not be sued at all in products cases, as the Legislature made clear in its 2003 amendments [§82.003].") (Brister, J., concurring); *Manchester Tank & Equipment Co. v. Engineered Controls Intern.*, Inc., 311 S.W.3d 573, 575 (Tex. App. - Waco, 2009, pet. denied) ("Chapter 82 of the Texas Civil Practice and Remedies Code was added by the legislature to protect innocent sellers from products liability suits unless they had significantly and intentionally participated in the design or production of the product.").

4.5    In short, the Court should consider whether Randall's truly belongs in this case, given that it did not manufacture the products at issue, and that it is clear (from the Complaint, and as a matter of common knowledge) that Randall's does nothing more than provide shelf space for the retail of consumer products. There exists no reasonable basis in fact or law supporting Plaintiff's claims against Randall's, the only non-diverse Defendant in this case.

### V. OTHER PROCEDURAL REQUIREMENTS

5.1    Revlon and BMS file this Notice of Removal in the United States District Court for the Southern District of Texas, Houston Division, which is the district and division within which the State Court Action was pending. *See* 28 U.S.C. §1441(a), §124(a)(2).

5.2    Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiff's counsel, as required by 28 U.S.C. §1446(d).

5.3    Revlon and BMS will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Harris County, Texas, where the State Court Action was pending, as required by 28 U.S.C. §1446(d).

5.4     By removing this action to this Court, Revlon and BMS expressly reserve and do not waive any defenses, objections, or motions under state or federal law.

5.5     Revlon and BMS reserve the right to amend or supplement this Notice of Removal.

5.6     Moreover, in accordance with Local Rule 81, this Notice of Removal is accompanied by the following documents:

1. An index of matters being filed (Exhibit A);

2. All State Court Documents (Exhibit B);

3. A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit C);

4. Defendant Revlon Consumer Products Corporations' Rule 7.1 Corporate Disclosure Statement (Exhibit D); and

5. Defendant Bristol-Myers Squibb Company's Rule 7.1 Corporate Disclosure Statement (Exhibit E).

## V.     CONCLUSION & PRAYER

**WHEREFORE, PREMISES CONSIDERED,** having established all of the prerequisites for removal under 28 U.S.C. §1441 and §1446, including all jurisdictional requirements rendering removal is proper pursuant to 28 U.S.C. §1332, Defendant Revlon and Defendant BMS pray they may affect the removal of this action from the District Court of Harris County, Texas to the Southern District of Texas, Houston Division, and for any such other and further relief to which it may show itself justly entitled, either general or specific, at law or in equity.

Respectfully submitted,

**HAWKINS PARNELL
& YOUNG LLP**

By: _/s/ Kimberly Solomon_
KIMBERLY SOLOMON
State Bar No. 24081384
ksolomon@hpylaw.com
1717 W 6th Street, Suite 240
Austin, Texas 78703
512-687-6900
512-687-6990 Fax

**ATTORNEYS FOR DEFENDANTS
REVLON CONSUMER PRODUCTS
CORPORATION and BRISTOL-MYERS
SQUIBB COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2019, a true and correct copy of the above and foregoing instrument has been electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Darren Patrick McDowell
State Bar No. 24025520
SIMON, GREENSTONE, PANATIER &
BARTLETT, PC
1201 Elm Street, Suite 3400
Dallas, Texas 75270
(214) 276-7680
(214) 276-7699 fax
dmcdowell@sgptrial.com

**Attorneys for Plaintiffs,
Marvin Williams and
Shirley Williams**

Todd D. Ogden
State Bar No. 00794387
Maron Marvel Bradley Anderson
 & Tardy LLC
2001 Bryan Street, Suite 3050
Dallas, Texas 75201-3008
togden@maronmarvel.com
(214) 736-9608
(469) 206-5501 fax

**Attorneys for Defendant,
Whittaker Clark & Daniels, Inc.**

Edward M. Slaughter
State Bar No. 24015112
Eslaughter@grsm.com
Jason J. Irvin
State Bar No. 24032460
jirvin@grsm.com
Quincy A. M. Jones
State Bar No. 24101980
qjones@grsm.com

**Attorneys for Defendant,
Colgate-Palmolive Company**

Michael H. Borofsky
Texas Bar No. 24101534
Barnes & Thornburg LLP
2121 N. Pearl St., Suite 700
Dallas, Texas 75201-2469
(214) 258-4200
(214) 258-4199 -Fax
mborofsky@btlaw.com

**Attorneys for Defendants,
Randall's Food & Drugs LP
And Randall's Food Markets, Inc.**

Tracy Graves Wolf
Tex. Bar No. 24004994
Tracy.Wolf@lewisbrisbois.com
Brent Sedge
Tex. Bar No. 24082120
Brent.Sedge@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 722-7100 -Main
(214) 722-7111 -Fax

**Attorneys for Defendant,
Avon Products, Inc.**

Heleina L. Formoso
Texas Bar No. 24058919
hformoso@kslaw.com
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas  77002
(712) 276-7441

**Attorneys for Defendant,
Johnson & Johnson Consumer, Inc.**

Cori C. Steinman
Texas Bar No. 24046908
csteinmann@kslaw.com
King & Spalding LLP
500 W. 2nd St., Suite 1800
Austin, TX 78701
(512) 457-2008

**Attorneys for Defendant,
Johnson & Johnson Consumer, Inc.**

_/s/ Kimberly Solomon_
Kimberly Solomon