IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARVIN WILLIAMS and SHIRLEY WILLIAMS,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Case No. 4:19-cv-02337** |
| **vs.** | § | |
| | § | |
| **AVON PRODUCTS, INC.;** | § | |
| **BRENNTAG NORTH AMERICA, INC.** | § | |
| (sued individually and as successor-in-interest | § | |
| to MINERAL PIGMENT SOLUTIONS, INC. | § | |
| and as successor-in-interest to WHITTAKER | § | |
| CLARK & DANIELS, INC.); | § | |
| **BRENNTAG SPECIALTIES, TNC.** f/k/a | § | |
| MINERAL PIGMENT SOLUTIONS, INC. | § | |
| (sued individually and as successor-in-interest | § | |
| to WHITTAKER CLARK & DANIELS, INC.); | § | |
| **BRISTOL-MYERS SQUIBB COMPANY** | § | |
| (sued individually and as successor-in-interest | § | |
| to CHARLES OF THE R1TZ); | § | |
| **COLGATE-PALMOLIVE COMPANY** | § | |
| (sued individually and as successor-in-interest | § | |
| to THE MENNEN COMPANY); | § | |
| **CYPRUS MINES CORPORATION;** | § | |
| **CYPRUS AMAX MINERALS COMPANY** | § | |
| (sued individually, doing business as, and | § | |

12690947v.1 6487/286858

as successor to AMERICAN TALC              §
COMPANY; METROPOLITAN TALC                 §
CO. INC. and CHARLES MATHIEU               §
INC. and SIERRA TALC COMPANY               §
and UNITED TALC COMPANY);                  §
**JOHNSON & JOHNSON;**                      §
**JOHNSON & JOHNSON CONSUMER**             §
**INC.,** a subsidiary of JOHNSON &        §
JOHNSON;                                    §
**BMS CONSUMER PRODUCTS**                   §
**CORPORATION;**                            §
**RANDALL'S FOOD & DRUGS LP;**             §
**RANDALL'S FOOD MARKETS, INC.;**          §
**WHITTAKER CLARK & DANIELS,**             §
**INC.;**                                   §
**YVES SAINT LAURENT AMERICA,**            §
**INC.,** a subsidiary of KERING           §
HOLLAND NV,                                 §
                                           §
      **Defendants.**              §
                                           §

## BRISTOL -MYERS SQUIBB COMPANY'S
## ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

     Defendant Bristol-Myers Squibb Company, (hereinafter "BMS"), by and through its

attorneys, Hawkins Parnell & Young LLP, hereby answers the Plaintiff's Complaint (hereinafter

referred to as the "Complaint"), dated June May 23,2019, as follows:

     1.     Paragraph 1 of the Complaint contains no allegations warranting a response, and to

the extent a response is required, BMS denies all allegations as they pertain to BMS and is without

knowledge or information as to the truth of the allegations as they pertain to any other defendant,

and refers all questions of law to the Court.

2

2.      Paragraph 2 of the Complaint contains no allegations warranting a response, and to the extent a response is required, BMS denies all allegations as they pertain to BMS and is without knowledge or information as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

3.      BMS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 3 through 6 and 8 through 17 of the Complaint, and same are therefore denied.

4.      BMS denies the allegations set forth in Paragraph 7 of the Complaint.

5.      Paragraph 18 of the Complaint contains no allegations warranting a response, and to the extent a response is required, BMS denies all allegations as they pertain to BMS and is without knowledge or information as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

## FACTUAL SUMMARY

6.      BMS denies the allegations contained in Paragraph 19 of the Complaint, including all subparts, as they pertain to BMS, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

## COUNT ONE

7.      BMS denies the allegations contained in Paragraphs 20 through 27 of the Complaint (incorrectly numbered 14 through 27), as they pertain to BMS, including all subparts, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

3

## COUNT TWO
## ALLEGATIONS AGAINST SUPPLIER DEFENDANTS

8.      With respect to the allegations contained in Paragraph 28 of the Complaint (incorrectly numbered 22), BMS repeats and incorporates its responses to Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

9.      Paragraphs 29 through 33 of the Complaint (incorrectly numbered 22 through 27) contains no allegations warranting a response by BMS, and to the extent a response is required, BMS denies all allegations as they pertain to BMS and is without knowledge or information as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

## COUNT THREE
## CONSPIRACY ALLEGATIONS AGAINST ALL DEFENDANTS

10.      With respect to the allegations contained in Paragraph 34 of the Complaint (incorrectly numbered 28), BMS repeats and incorporates its responses to Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

11.      BMS denies the allegations contained in Paragraph 35 through 38 of the Complaint (incorrectly numbered 28 through 32) as they pertain to BMS, including all subparts,  denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

## COUNT FOUR
## GROSS NEGLIGENCE/MALICE ALLEGATIONS AGAINST ALL DEFENDANTS

12.      With respect to the allegations contained in Paragraph 39 of the Complaint

4

(incorrectly numbered 33), BMS repeats and incorporates its responses to Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

13.    BMS denies the allegations contained in Paragraphs 40 of the Complaint (incorrectly numbered 34) as they pertain to BMS, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

**COUNT FIVE**
**AIDING AND ABETTING ALLEGATIONS AGAINST ALL DEFENDANTS**

14.    With respect to the allegations contained in Paragraph 41 of the Complaint (incorrectly numbered 35), BMS repeats and incorporates its responses to Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

15.    BMS denies the allegations contained in Paragraphs 42 through 44 of the Complaint (incorrectly numbered 36 through 38) as they pertain to BMS, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

**COUNT SIX**
**NEGLIGENCE PER SE ALLEGATIONS AGAINST ALL DEFENDANTS**

16.    With respect to the allegations contained in Paragraph 45 of the Complaint (incorrectly numbered 39), BMS repeats and incorporates its responses to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

17.    BMS denies the allegations contained in Paragraphs 45 through 48 of the Complaint (incorrectly numbered 40 through 42), as they pertain to BMS, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant,

5

and refers all questions of law to the Court.

## DAMAGES

18.     With respect to the allegations contained in Paragraph 49 of the Complaint (incorrectly numbered 43, BMS repeats and incorporates its responses to Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

19.     BMS denies the allegations contained in Paragraph 49 through 51 of the Complaint (incorrectly numbered 43 through 45p) as they pertain to BMS, including all subparts,  denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

### AS AND FOR A
### FIRST AFFIRMATIVE DEFENSE

20.     All claims are time-barred by the applicable Statute of Limitations.

### AS AND FOR A
### SECOND AFFIRMATIVE DEFENSE

21.     All causes of action have not been maintained in a timely fashion, and Plaintiffs' have neglected the same and should be barred by the doctrine of laches.

### AS AND FOR A
### THIRD AFFIRMATIVE DEFENSE

22.     The Court lacks jurisdiction over the subject matter of this action.

### AS AND FOR A
### FOURTH AFFIRMATIVE DEFENSE

23.     Plaintiffs' claims are barred by the doctrine of estoppel.

### AS AND FOR A
### FIFTH AFFIRMATIVE DEFENSE

12690947v.1 6487/286858

24.     Plaintiffs' claims are barred by the doctrine of waiver.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

25.     The Complaint, and each and every allegation considered separately, fails to state any cause of action against BMS upon which relief can be granted.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

26.     Since Plaintiffs are unable to identify the manufacturers of the substance, product, or equipment which allegedly caused the injury, Plaintiffs fail to state a claim upon which relief may be granted, since if such relief were granted, it would deprive BMS of its constitutional rights to substantive and procedural due process of law and equal protection under the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States.

## AS AND FOR A
## EIGHTH AFFIRMATIVE DEFENSE

27.     The causes of action asserted herein by Plaintiffs', who admittedly are unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that Plaintiffs have asserted claims for relief which, if granted, would constitute a taking of private property for public use, without just compensation.  Such a taking would contravene BMS's constitutional rights as preserved for it by the Fourteenth Amendment of the Constitution of the United States.

## AS AND FOR A
## NINTH AFFIRMATIVE DEFENSE

28.     BMS asserts that if Plaintiffs' have released, settled, entered into an accord and satisfaction, or otherwise compromised Plaintiffs' claims herein, then accordingly, said claims are

7

barred or reduced by payment, accord, satisfaction, arbitration and award, release and res judicata.

## AS AND FOR A
## TENTH AFFIRMATIVE DEFENSE

29.    Plaintiffs' claims for exemplary or punitive damages against BMS violate BMS's

rights under Article 1, §§ 1, 10, and 19 and the Fifth, Sixth, Eighth, and Fourteenth Amendments

of the United States Constitution, the Constitution of the State of Texas, and any other state's law

that might apply, in that such damages deprive BMS of procedural and substantive Due Process;

subject BMS to Double Jeopardy; deprive BMS of Equal Protection; give the jury unfettered

discretion to award punitive damages on vague grounds with no objective standards, without the

presumption of innocence, and improperly allows for joint and several liability resulting in

different penalties for the same or similar acts.

## AS AND FOR AN
## ELEVENTH AFFIRMATIVE DEFENSE

30.    The allegations set forth in the Complaint do not state a claim against BMS which

would authorize or entitle Plaintiffs' to recover punitive or exemplary damages as set forth under

the laws of Texas.

## AS AND FOR A
## TWELFTH AFFIRMATIVE DEFENSE

31.    Any award for punitive damages based on anything other than BMS's conduct in

connection with the distribution of the product that is subject of this lawsuit would violate the due

process clause of the Fourteenth Amendment to the United States Constitution, and would be

improper under the common law and public policies of the State of Texas because any other

judgment for punitive damages in this case cannot protect BMS against impermissible multiple

8

punishment for the same wrong.

## AS AND FOR A
## THIRTEENTH AFFIRMATIVE DEFENSE

32.   Upon information and belief, BMS conformed to the scientific knowledge and data available to the industry and fulfilled its obligations, if any, and its activities and undertakings, if any, were conducted in a reasonable fashion, without recklessness, malice or wantonness, and Plaintiffs' may not recover herein any exemplary or punitive damages against BMS.

## AS AND FOR A
## FOURTEENTH AFFIRMATIVE DEFENSE

33.   The Complaint on its face shows a misjoinder of parties.  Additionally, Plaintiffs' have failed to join proper, necessary, and indispensable parties to this action, some of whom cannot be made parties.

## AS AND FOR A
## FIFTEENTH AFFIRMATIVE DEFENSE

34.   The Court lacks *in personam* jurisdiction over BMS.

## AS AND FOR A
## SIXTEENTH AFFIRMATIVE DEFENSE

35.   BMS is not a proper party defendant.

## AS AND FOR A
## SEVENTEENTH AFFIRMATIVE DEFENSE

36.   If Plaintiffs' should prove that injuries and damages were sustained as alleged, such injuries and damages resulted from acts or omissions on the part of third parties over whom BMS had neither control nor right of control.

9

## AS AND FOR AN
## EIGHTEENTH AFFIRMATIVE DEFENSE

37.   Plaintiffs' cannot prove a prima facie case as BMS breached no duty whatsoever to Plaintiffs' whether arising by statute, by common law, or otherwise, including but not limited to any duty to warn of any dangers; and no act or omission by BMS proximately caused or proximately contributed to Plaintiffs' alleged injuries or damages.

## AS AND FOR A
## NINETEENTH AFFIRMATIVE DEFENSE

38.   While BMS denies the allegations of Plaintiffs' with respect to liability, injury and damages, to the extent to which Plaintiffs' may be able to prove the same, they were the result of intervening and/or interceding acts of superseding negligence on the part of third parties over whom BMS had neither control nor right of control.

## AS AND FOR A
## TWENTIETH AFFIRMATIVE DEFENSE

39.   While denying Plaintiffs' allegations with respect to liability, to the extent that negligence or improper conduct may be proved, the acts of BMS are not a proximate cause of any injuries to Plaintiffs.

## AS AND FOR A
## TWENTY-FIRST AFFIRMATIVE DEFENSE

40.   At all times during the conduct of their corporate operations, the agents, servants and/or employees of BMS complied with all applicable law, regulations, standards and the available knowledge and technology of the medical, scientific and industrial communities.

## AS AND FOR A
## TWENTY-SECOND AFFIRMATIVE DEFENSE

12690947v.1 6487/286858

41.     If it should be proven at the time of trial that any of BMS's products were furnished to Plaintiffs' employers or to the United States Government and that Plaintiffs' came into contact with these products, which is specifically denied, then any such product was furnished in strict conformity to the conditions specified or to the specifications furnished by Plaintiffs' employers and/or the United States Government.

**AS AND FOR A
<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>**

42.     Plaintiffs', and to the extent applicable, Plaintiffs' co-workers and employers, misused, abused, mistreated and misapplied the products and materials as alleged in the Complaint, and in the exercise of ordinary care could have avoided the consequences of any alleged negligence on the part of BMS, there can be no recovery against BMS.

**AS AND FOR A
<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>**

43.     If the Court finds that any misuse, abuse, mistreatment and/or misapplication of the products caused and/or contributed to the alleged damages or injuries to Plaintiffs', then BMS requests that the amount of damages which might be recovered shall be diminished by the proportion which the same misuse, abuse, mistreatment and/or misapplication attributed to the Plaintiffs', Plaintiffs' co-workers, and/or employers bears to the conduct which caused the alleged injuries or damages.

**AS AND FOR A
<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>**

44.     BMS neither gave, made, nor otherwise extended any warranties, whether express or implied, upon which Plaintiffs' had a right to rely.

11

**AS AND FOR A**
**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

45.   Any oral warranties upon which Plaintiffs' allegedly relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds.

**AS AND FOR A**
**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

46.   As to all the causes of action pleaded in the Complaint which may be based upon express or implied warranties and/or representations, such causes of action are legally insufficient, as against BMS, by reason of Plaintiffs' failure to allege privity of contract between Plaintiffs' and BMS, which is specifically denied.

**AS AND FOR A**
**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

47.   In the event that any breach of express or implied warranty is proven, Plaintiffs' failed to give proper and prompt notice of any such breach of warranty to BMS.

**AS AND FOR A**
**TWENTY-NINTH AFFIRMATIVE DEFENSE**

48.   Plaintiffs' did not directly or indirectly purchase any asbestos-containing products from BMS, and Plaintiffs' neither received nor relied upon any warranty or representation that may be alleged to have been made by BMS.

**AS AND FOR A**
**THIRTIETH AFFIRMATIVE DEFENSE**

49.   To the extent to which the causes of action pleaded by Plaintiffs' fail to accord with the Uniform Commercial Code, including, but not limited to Section 2-725 thereof, the Complaint is time-barred.

12

## AS AND FOR A
## THIRTY-FIRST AFFIRMATIVE DEFENSE

50.    BMS denies that Plaintiffs' had any exposure to any asbestos-containing product allegedly processed, manufactured, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold, and/or otherwise placed in the stream of commerce by BMS, and more particularly, denies, upon information and belief, that BMS processed, manufactured, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold and/or otherwise placed in the stream of commerce any asbestos-containing product at the times and upon the dates alleged in the Complaint.

## AS AND FOR A
## THIRTY-SECOND AFFIRMATIVE DEFENSE

51.    BMS denies specifically that, during the periods of exposure alleged in the Complaint by the Plaintiffs', it processed, manufactured, designed, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold and/or otherwise placed in the stream of commerce a substantial and/or any percentage of the asbestos-containing products to which Plaintiffs was caused to come into contact and which caused Plaintiffs' to breathe, inhale and digest and which thereby caused Plaintiffs' injuries and Plaintiffs' resulting damages alleged in the Complaint.

## AS AND FOR A
## THIRTY-THIRD AFFIRMATIVE DEFENSE

52.    In the event it should be proven at the time of trial that all defendants are subject to market share liability, then BMS's share of such liability would constitute such a de minimus amount as to make its contribution for damages negligible, and BMS would be entitled to

12690947v.1 6487/286858

contribution, either in whole or in part, from the co-defendants not represented by this answer.

**AS AND FOR A**
**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

53.     Upon information and belief, Plaintiffs' failed to mitigate or otherwise act to lessen or reduce the injuries and disability alleged in the Complaint.

**AS AND FOR A**
**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

54.     BMS specifically denies that the products alleged in the Complaint are products within the meaning and scope of the Restatement of Torts §402A, and as such, the Complaint fails to state a cause of action in strict liability.

**AS AND FOR A**
**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

55.     The doctrine of strict liability in tort is inapplicable to this litigation.

**AS AND FOR A**
**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

56.     Plaintiffs' contributed to their injuries by the use, either in whole or in part, of other substances, products, medications and/or drugs.

**AS AND FOR A**
**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

57.     Plaintiffs' and/or their employers were sophisticated purchasers/users of the subject product upon whom devolved all responsibility for the use of the products referred to in the Complaint.

**AS AND FOR A**
**THIRTY-NINTH AFFIRMATIVE DEFENSE**

58.     At all times material hereto, the state of the medical, industrial, and scientific arts,

14

knowledge and technology was that there was no generally accepted or recognized knowledge of any unavoidably unsafe, inherently dangerous, hazardous or defective character or nature of talc-containing products when used in the manner and for the purposes intended, so that there was no duty by BMS to know of such character or nature or to warn Plaintiffs' or others similarly situated, and that, to the extent such duty arose, adequate warnings either were given or were not necessary under all circumstances.

**AS AND FOR A**
**FORTIETH AFFIRMATIVE DEFENSE**

59.    BMS asserts the state-of-the-art defense insofar as knowledge of the dangers of what Plaintiffs' complain was not known and could not reasonably have been discovered at the time such products were manufactured, sold or otherwise placed into the stream of commerce.

**AS AND FOR A**
**FORTY-FIRST AFFIRMATIVE DEFENSE**

60.    To the extent Plaintiffs assert any claim against BMS as a seller of a product that BMS had no knowledge of any defect in any product and could not have discovered any alleged defect in such product while exercising ordinary care.

**AS AND FOR A**
**FORTY-SECOND AFFIRMATIVE DEFENSE**

61.    All defenses which have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to the Complaint to the extent same are applicable and not adverse to BMS.  In addition, BMS will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for the

15

purposes of asserting any such additional affirmative defenses.

## AS AND FOR A
## FORTY-THIRD AFFIRMATIVE DEFENSE

62.   BMS reserves the right to amend this pleading to assert additional defenses upon discovery of the specific facts upon which Plaintiffs' bases their claims for relief, and upon completion of further discovery.

## AS AND FOR A
## FORTY-FOURTH AFFIRMATIVE DEFENSE

63.   Insofar as the Complaint, and each cause of action considered separately, allege a cause of action accruing on or after September 1, 1975 to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to Plaintiff, including contributory negligence and assumption of risk, in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damages alleged.

## AS AND FOR A
## FORTY-FIFTH AFFIRMATIVE DEFENSE

64.   BMS alleges that Plaintiffs' claims in their entirety and each of them individually, as well as this action are preempted by federal statutes and regulations governing work place exposure to asbestos.

## AS AND FOR A
## FORTY-SIXTH AFFIRMATIVE DEFENSE

65.   This action cannot be maintained as there is another action pending for the same relief.

## AS AND FOR A

16

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

66.  Plaintiffs' claims are barred because of Plaintiffs' failure to join necessary and indispensable parties.

**AS AND FOR A**
**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

67.  Plaintiffs' claims should be dismissed on grounds of improper venue and/or *forum non conveniens*.

**AS AND FOR A**
**FORTY-NINTH AFFIRMATIVE DEFENSE**

68.  Plaintiffs' claims should be dismissed on grounds of improper service of process.

**AS AND FOR A**
**FIFTIETH AFFIRMATIVE DEFENSE**

69.  BMS reserves the right to move for a severance of the various allegations in the Complaint.

**AS AND FOR A**
**FIFTY-FIRST AFFIRMATIVE DEFENSE**

70.  Any damages which may have been sustained by Plaintiffs' were caused or contributed to by reason of the culpable conduct of the Plaintiffs'.

**AS AND FOR A**
**FIFTY-SECOND AFFIRMATIVE DEFENSE**

71.  Insofar as the Complaint, and each cause of action considered separately, alleges a cause of action to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to the Plaintiffs', including contributory negligence, comparative negligence, gross negligence, and/or assumption of risk, in the

proportion which the culpable conduct attributable to Plaintiffs' bears to the culpable conduct which caused the damages.

**AS AND FOR A**
**FIFTY-THIRD AFFIRMATIVE DEFENSE**

72. The Complaint fails to set forth any allegations against BMS with sufficient particularity to constitute a cause of action for fraud, fraudulent concealment, concert of action, conspiracy, or the like. Therefore, no fraud claims have been properly brought by this Complaint and any future claims of fraud raised in this manner are equally non-compliant and barred.

**AS AND FOR A**
**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

73. BMS asserts it may not be held liable due to the acts or omissions of any entities, whether parties or non-parties to this action, for whose acts or omissions it is not liable pursuant to the rules governing successor liability, alter ego liability, de facto merger liability, or otherwise.

**AS AND FOR A**
**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

74. The injuries allegedly suffered by the Plaintiffs', if any, which injuries are specifically denied by BMS, were the result of the culpable conduct or fault of third persons for whose conduct BMS is not legally responsible, and the damages recovered by the Plaintiffs, if any, should be diminished or reduced in proportion to said culpable conduct which caused the damages. Any liability on the part of BMS, which liability is specifically denied, is fifty percent or less of the liability of all entities who are the cause of the alleged injuries, if any, and the liability of BMS for non-economic loss does not exceed BMS's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss

18

pursuant to Civil Practice Law and Rules Section 1601 through 1603.

## AS AND FOR A
## FIFTY-SIXTH AFFIRMATIVE DEFENSE

75.   BMS does not admit culpability or liability to Plaintiffs', but to the extent permitted, is entitled to a setoff of damages based on reimbursement to Plaintiffs' from collateral sources.

## AS AND FOR A
## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

76.   Plaintiffs' claims that BMS's products were capable of releasing asbestos fibers into the air is inconsistent with the science and must be considered speculative as a matter of law.

## AS AND FOR A
## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

77.   Any BMS products that Plaintiffs' claim exposure to were designed, manufactured and marketed in accordance with the State of the Art before leaving BMS's control.

## AS AND FOR A
## FIFTY-NINTH AFFIRMATIVE DEFENSE

78.  As to each and every cause of action, BMS alleges that all of its conduct and activities as alleged in the Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at all relevant times.


## AS AND FOR A
## SIXTIETH AFFIRMATIVE DEFENSE

79.  As to each and every cause of action, BMS alleges that Plaintiffs' injuries and damages, if any, were proximately caused or contributed to by Plaintiffs' unforeseeable idiosyncratic condition, unusual susceptibility, or hypersensitive reactions for which BMS is not liable.

12690947v.1 6487/286858

## AS AND FOR A
## SIXTY-FIRST AFFIRMATIVE DEFENSE

80.  Plaintiffs failed to timely notify BMS of any alleged defect with respect to its products, BMS denies that there was any design or manufacturing defect or any other defect for which it was responsible in its product, with the result being that there can be no recovery against BMS.

## AS AND FOR A
## SIXTY-SECOND AFFIRMATIVE DEFENSE

81.  BMS's products were neither defective nor unreasonably dangerous and could not have caused the injury and/or damage alleged in the Complaint. Thus, there can be no recovery against BMS.

## AS AND FOR A
## SIXTY-THIRD AFFIRMATIVE DEFENSE

82.  BMS has fully complied with all applicable governmental laws and regulations with regard to labeling and publishing cautionary instructions with respect to its products with the result that BMS has breached no duty, if any such duty ever existed, to warn and thus there can be no recovery against BMS.

## AS AND FOR A
## SIXTY-FOURTH AFFIRMATIVE DEFENSE

83.  On information and belief, BMS alleges that Plaintiffs' agents negligently or intentionally failed to preserve, and permitted the spoliation of, material evidence, including but not limited to the products which Plaintiffs' allege give rise to Plaintiffs' Complaint. Such conduct bars Plaintiffs' action and/or gives rise to liability on the part of Plaintiffs for damages payable to BMS.

20

## AS AND FOR A
## SIXTY-FIFTH AFFIRMATIVE DEFENSE

84.   There is no concert of action between BMS and any of the other defendants herein. Defendants are not joint tortfeasors and accordingly, BMS may not be held jointly and severally liable with the other defendants.

## AS AND FOR A
## SIXTY-SIXTH AFFIRMATIVE DEFENSE

85.   Plaintiffs' causes of action pertaining to loss of consortium are barred because Plaintiffs and/or Decedents were not married at the time the alleged injury occurred.

## AS AND FOR A
## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

86.   Any loss or disruption of marital services, society, affection, companionship or sexual relations of Plaintiffs' was not proximately caused by any conduct, act, or omission on the part of BMS.

## AS AND FOR A
## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

87.   Each and every count of Plaintiff's Complaint, to the extent the count pertains to the manufacture and sale of talc-containing cosmetic products, is preempted by the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 301-399(a) (2015), in that the FDA has primary and exclusive jurisdiction over the safety of cosmetic talc-containing products and primary and exclusive jurisdiction to determine whether any warning must accompany cosmetic talc-containing products.  The FDA has ruled, on multiple occasions, that cosmetic grade talc is a safe substance when used as intended and further ruled that manufacturers need not provide any warnings on, or in connection with the sale of, cosmetic grade talc-containing products.  Each and every count of

12690947v.1 6487/286858

Plaintiff's standard complaint, to the extent the count pertains to cosmetic talc-containing products, is also preempted, in whole or in part, by other applicable state and/or federal statutes, rules, standards and/or regulations.

**AS AND FOR A**
**SIXTY-NINTH AFFIRMATIVE DEFENSE**

88.   Each and every count of Plaintiff's Complaint, to the extent the count pertains to the manufacture and/or sale of talc-containing cosmetic products, is subject to the FDA's primary jurisdiction.   Consequently, each and every count of Plaintiff's Complaint, to the extent that it pertains to talc-containing cosmetic products, should be dismissed or stayed pending further FDA review of whether any warning must accompany, or other restrictions be placed upon the manufacture and sale of, talc-containing cosmetic products.   Each and every count of Plaintiffs' Complaint, to the extent the count pertains to the manufacture and/or sale of cosmetic grade talc-containing products, is an unauthorized and improper attempt to enforce privately a claim under the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 301-399(a) (2015).

22

## CROSS-CLAIMS FOR INDEMNIFICATION AND CONTRIBUTION

Defendant BMS by way of cross-claims for indemnification and contribution against all defendants says:

### FIRST COUNT

89.   If Plaintiffs' sustained damages at the time and place set forth in the Plaintiffs' Complaint through any carelessness, recklessness, and/or negligence other than that of Plaintiffs' themselves, including, but not limited to, the manufacture and distribution of asbestos products, breach of warranty and/or misrepresentation, either expressed or implied, and in strict liability in tort, these damages will have been caused and brought about by reason of the carelessness, recklessness, and/or negligence of the co-defendants not represented by this standard Answer.

### SECOND COUNT

90.   If Plaintiffs' should recover a judgment against BMS, by operation of law or otherwise, BMS will be entitled to judgment, contribution and/or indemnity over and against the co-defendants not represented by this standard answer, their agents, servants and/or employees, by reason of their carelessness, recklessness, and/or negligence for the amount of any such recovery or a portion thereof, in accordance with principles of law regarding apportionment of fault and damages, along with costs, disbursements and reasonable expenses of the investigation and defense of these actions, including reasonable attorneys' fees.

**WHEREFORE**, BMS demands judgment dismissing Plaintiffs' Complaint with costs and disbursements, and in the event of any judgment against BMS, it demands judgment, contribution and/or indemnity over and against the co-defendants not represented by this standard answer for the amount of any such recovery or a portion thereof, in accordance with the principles of law

12690947v.1 6487/286858

regarding apportionment of fault and damages, along with costs and disbursements, including reasonable attorneys' fees.

## ANSWER TO CROSS-CLAIMS AND
## COUNTERCLAIMS OF ANY PARTY TO THIS ACTION

91.   BMS by way of an answer to any cross-claims or counterclaims asserted by co-defendants states:

92.   BMS denies each and every allegation of the cross-claims and counterclaims asserted against BMS by any party, including claims for contribution, common law indemnification and contractual indemnification.

Dated: July 11, 2019

**HAWKINS PARNELL & YOUNG, LLP**

By: _Kimberly Solomon_

KIMBERLY SOLOMON
State Bar No. 24081384
ksolomon@hpylaw.com
1717 W 6th Street, Suite 240
Austin, Texas  78703
512-687-6900

**ATTORNEYS FOR DEFENDANT
BRISTOL-MYERS SQUIBB COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2019, a true and correct copy of the above and foregoing instrument was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

24

Darren Patrick McDowell
State Bar No. 24025520
SIMON, GREENSTONE, PANATIER &
BARTLETT, PC
1201 Elm Street, Suite 3400
Dallas, Texas 75270
(214) 276-7680
(214) 276-7699 fax
dmcdowell@sgptrial.com

**Attorneys for Plaintiffs,
Marvin Williams and
Shirley Williams**

Todd D. Ogden
State Bar No. 00794387
Maron Marvel Bradley Anderson
 & Tardy LLC
2001 Bryan Street, Suite 3050
Dallas, Texas 75201-3008
togden@maronmarvel.com
(214) 736-9608
(469) 206-5501 fax

**Attorneys for Defendant,
Whittaker Clark & Daniels, Inc.**

Edward M. Slaughter
State Bar No. 24015112
Eslaughter@grsm.com
Jason J. Irvin
State Bar No. 24032460
jirvin@grsm.com
Quincy A. M. Jones
State Bar No. 24101980
qjones@grsm.com

**Attorneys for Defendant,
Colgate-Palmolive Company**
Cori C. Steinman
Texas Bar No. 24046908
csteinmann@kslaw.com
King & Spalding LLP
500 W. 2nd St., Suite 1800
Austin, TX 78701
(512) 457-2008

Michael H. Borofsky
Texas Bar No. 24101534
Barnes & Thornburg LLP
2121 N. Pearl St., Suite 700
Dallas, Texas 75201-2469
(214) 258-4200
(214) 258-4199 -Fax
mborofsky@btlaw.com

**Attorneys for Defendants,
Randall's Food & Drugs LP
And Randall's Food Markets, Inc.**

Tracy Graves Wolf
Tex. Bar No. 24004994
Tracy.Wolf@lewisbrisbois.com
Brent Sedge
Tex. Bar No. 24082120
Brent.Sedge@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 722-7100 -Main
(214) 722-7111 -Fax

**Attorneys for Defendant,
Avon Products, Inc.**

Heleina L. Formoso
Texas Bar No. 24058919
hformoso@kslaw.com
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas  77002
(712) 276-7441

**Attorneys for Defendant,
Johnson & Johnson Consumer, Inc.**

25

**Attorneys for Defendant,**
**Johnson & Johnson Consumer, Inc.**

_Kimberly Solomon_

Kimberly Solomon

12690947v.1 6487/286858