IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARVIN WILLIAMS and SHIRLEY WILLIAMS  *Plaintiffs,*  VS.  AVON PRODUCTS, INC., ET AL  *Defendants.* | § § § § § § § § § | Case No. 4:19-CV-02337 |

*Removed from*

CAUSE NO. 2019-35604

| | | |
|---|---|---|
| MARVIN WILLIAMS and SHIRLEY WILLIAMS  *Plaintiffs,*  VS.  AVON PRODUCTS, INC., ET AL  *Defendants.* | § § § § § § § § § | IN THE DISTRICT COURT OF  HARRIS COUNTY, TEXAS  152ND JUDICIAL DISTRICT |

## DEFENDANT CYPRUS AMAX MINERALS COMPANY'S RULE 12(b)(2) MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Cyprus Amax Minerals Company (Sued Individually, Doing Business As, And Incorrectly Named As Successor To American Talc Company, Metropolitan Talc Co. Inc. And Charles Mathieu Inc. And Sierra Talc Company And United Talc Company) ("CAMC") files this Motion to Dismiss and Brief in Support of the claims asserted against it for lack of personal jurisdiction pursuant to Rule 12(b)(2).

**I.**

**NATURE OF PROCEEDING**

1.  Plaintiffs are Marvin Williams and Shirley Williams; the moving Defendant is CAMC.

2764268v.1

2. Plaintiffs filed this lawsuit asserting personal injuries related to alleged exposure to asbestos via talcum powder that Plaintiff Marvin Williams asserts he was exposed to personally and through his family members[1]. This suit was originally filed in Cause No. 2019-35604 in the 152nd District Court of Harris County, Texas. The case was subsequently removed to this Court on June 28, 2019 by Defendants Revlon Consumer Products Corporation and Bristol-Myers Squibb Company[2].

3. Before filing any other pleadings in this case, CAMC moves for dismissal of all claims against it under Rule 12(b)(2). Cyprus Amax is a non-resident of Texas and has had no purposeful contacts with the State of Texas. Cyprus Amax is a Delaware corporation with its principal place of business in the State of Arizona.

## II.

## SUMMARY OF MOTION

CAMC is a Delaware corporation with its principal place of business in Arizona. It does no business whatsoever in the State of Texas and owns no property here. CAMC has no offices in the State of Texas, nor does it maintain operations in the State of Texas. None of Cyprus Amax's directors or officers reside or have offices in Texas. No records or documents expected to be produced by CAMC in this suit are located or regularly stored in Texas. CAMC has never mined, milled, marketed, supplied or sold talc in the State of Texas or in any other state. See the Declaration of John Fenn, attached as Exhibit #1 and incorporated by reference for all purposes. Accordingly, CAMC has no minimum contacts with the State of Texas which would vest this Court with personal jurisdiction over this non-resident defendant pursuant to the Due Process

---

[1] See Document 1, Notice of Removal for Plaintiff's Original Petition filed in state court.
[2] See Document 1, Notice of Removal for Plaintiff's Original Petition filed in state court

Clause of the Fourteenth Amendment. The claims and causes of action against Cyprus Amax should be dismissed with prejudice.

## III.

## ARGUMENT AND AUTHORITIES

A.   Standard of Review

The Due Process Clause of the Fourteenth Amendment to the United States Constitution establishes that no federal court may establish *in personam* jurisdiction over a non-resident defendant unless that defendant has meaningful "contacts, ties, or relations" with the forum state. *Id*. (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Where a defendant challenges personal jurisdiction under Rule 12(b)(2), it is the plaintiff's burden to prove that jurisdiction exists. *Id.*

To establish that personal jurisdiction is proper, the plaintiff must show that the non-resident defendant "purposefully availed [itself] of the benefits and protections of the forum state by establishing 'minimum contacts'" with that state. *Monkton Ins. Servcs., Ltd v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) (quoting *Int'l Shoe*, 326 U.S. at 316). The contacts must be sufficient that imposing a judgment would not "offend traditional notions of fair play and substantial justice." *Luv N'Care*, 438 F.3d at 469 (quoting *Int'l Shoe*, 326 U.S. at 316). "Sufficient minimum contacts will give rise to either specific or general jurisdiction." *Monkton Ins. Servcs.*, 768 F.3d at 431 (quoting *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002).

B.   No General Jurisdiction Exists because Cyprus Amax Is Not "At Home" in Texas

The requirements to establish general jurisdiction over a corporation were clarified by the United States Supreme Court in *Daimler AG v. Bauman,* 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). There, the Court observed that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. *Id*. at 760. For a corporation, "the place of

incorporation and principal place of business" are the places where it is "at home" and are thus the paradigm bases for jurisdiction. *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011)). Thus, it is proper to establish general jurisdiction based on these two places, rather than performing a "doing business test" looking at all of the locations where a corporation may have some presence. *Id.* at 762 n. 20; *and see Monkton Ins. Servcs.,* 768 F.3d at 431. Further, it is error to establish general jurisdiction over a corporation based on the contacts of its distinct corporate subsidiary, especially when the subsidiary does not itself have its place of incorporation or principal place of business in the forum state. *See id*. at 760.

Here, the Declaration of John Fenn establishes that the principal place of business for this Defendant is in Arizona. (Exhibit 1: Affidavit of John Fenn, ¶ 3). CAMC does no business in the State of Texas. *Id*. and has never mined, milled, marketed, supplied or sold talc in Texas or any other state, ¶¶ 3, 5-9. Therefore, there is no basis to establish general personal jurisdiction over CAMC in Texas. *See Daimler AG,* 134 S. Ct. at 760.

C.  <u>No Specific Jurisdiction Exists because this Suit Did Not Arise out of Contacts between CAMC and the State of Texas.</u>

The Supreme Court has repeatedly affirmed that a court may not exercise specific jurisdiction over a non-resident defendant unless "the suit arise[s] out of or relate[s] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Franciso County.*, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017); *Daimler AG.*, 134 S. Ct. 748-49; *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U. S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). In other words, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb*, 137 S. Ct. at 1780; *Goodyear*, 564 U. S. at 919.

There are no acts or omissions by CAMC, whether in Texas or otherwise, which led to the controversy at issue in this case. CAMC has not supplied any talc in Texas or otherwise to Plaintiff Marvin Williams and/or Shirley Williams. *Id*., ¶ 9. Because CAMC never mined, milled, marketed, supplied or sold talc in Texas, there is no basis to establish specific jurisdiction over this Defendant. For this reason, and for all the reasons set forth above, the claims against CAMC should be dismissed for lack of personal jurisdiction.

## IV.

## CONCLUSION

Plaintiff Marvin Williams and Shirley Williams cannot meet her burden to establish that personal jurisdiction exists in this forum as to Defendant Cyprus Amax Minerals Company. Accordingly, Cyprus Amax Minerals Company respectfully requests the Court dismiss all claims against it pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and for such other remedies to which this Defendant may be entitled, whether in law or in equity.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*/s/ Kent M. Adams*
KENT M. ADAMS
Texas Bar No. 00869200
Kent.Adams@wilsonelser.com
RUSSELL W. HEALD
Texas Bar No. 09326700
Russell.Heald@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713)-353-2000—Telephone
(713)-785-7780—Facsimile

**ATTORNEYS FOR DEFENDANT, CYPRUS AMAX MINERALS COMPANY (SUED INDIVIDUALLY, DOING BUSINESS AS, AND INCORRECTLY NAMED AS SUCCESSOR TO AMERICAN TALC**

2764268v.1

**COMPANY, METROPOLITAN TALC CO. INC. AND CHARLES MATHIEU INC. AND SIERRA TALC COMPANY AND UNITED TALC COMPANY)**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all other known counsel of record pursuant to the Federal Rules on this the 22nd day of July, 2019.

                                    */s/ Russell W. Heald*
                                    Russell W. Heald