IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARVIN WILLIAMS and SHIRLEY WILLIAMS,<br><br>             Plaintiffs,<br><br>      v.<br><br>AVON PRODUCTS, INC., et al.,<br><br>             Defendants. | Case 4:19-cv-02337 |

**PLAINTIFFS' MOTION FOR REMAND,**

COMES NOW Plaintiffs Marvin and Shirley Williams, by and through the undersigned counsel, and pursuant to 28 U.S.C. §1447(c), hereby file this Motion for Remand. For the reasons set forth below, this Court does not have subject matter jurisdiction over this matter as complete diversity does not exist.

**I.     ISSUE PRESENTED**

Defendants Revlon Consumer Products Company ("Revlon") and Bristol-Myers Squibb Company ("BMS") improperly removed this Texas products liability action, alleging improper joinder. Pursuant to 28 U.S.C. § 1441(b)(2) and § 1447(c), remand is warranted. An order to remand is not reviewable by appeal or otherwise. 28 U.S.C. § 1447(d).

**II.     BACKGROUND**

Plaintiff Marvin Williams ("Plaintiff" or "Mr. Williams") is suffering from asbestos-related mesothelioma—a fatal cancer caused by his exposure to asbestos in the talc used in various talcum powder products. (Doc. 1-1) Mr. Williams was exposed to asbestos through his mother's and sister's use of asbestos-containing talcum powder products on him and his siblings, through

1

his own personal daily use, through his wife's use on their infant children, and through his wife's daily use. (*Id.* at pp. 6-7) Mr. Williams and his wife (collectively "Plaintiffs") filed their Complaint on May 23, 2019 in the 152nd Judicial District, Harris County, Texas. (Doc. 1-1) The Complaint alleges that Defendants manufactured, designed, distributed, and/or sold talcum powder products containing asbestos and that Mr. Williams' use and exposure to the products caused him to develop mesothelioma. (*Id*. at 8)

On June 28, 2019, Revlon and BMS removed this case (Doc. 1) and asserted federal jurisdiction on the basis of diversity jurisdiction, which requires complete diversity of citizenship of the named parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a)(1). Revlon and BMS concede that complete diversity does not exist as pled. Rather, Revlon and BMS claim that Texas-based Randall's Food & Drugs LP and Randall's Food Markets, Inc. (collectively "Randall's") were improperly joined as defendants to destroy diversity.

### III.   ARGUMENT

Revlon and BMS had no proper basis to remove this case from the State Court, and it should be remanded immediately. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). In determining jurisdiction, the court looks to the state court petition as it existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

**A.   REVLON AND BMS HAVE THE BURDEN OF PROVING PLAINTIFFS HAVE NO POSSIBILITY OF RECOVERY AGAINST RANDALL'S.**

A claim for improper joinder can be established two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

2

diverse party in state court." *McDonal v. Abbott Labs*, 408 F.3d 177, 183 (5th Cir. 2005) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). Defendants have asserted only the second prong. The appropriate test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2004).

As the parties seeking removal, Revlon and BMS bear a heavy burden of proving that the Randall's defendants were added to defeat jurisdiction. *Smallwood* at 574. If Revlon and BMS fail to prove that Randall's was improperly joined, then remand is mandated. *Id*. at 575.

**B.   PLAINTIFFS HAVE ASSERTED VALID CAUSES OF ACTION AGAINST RANDALL'S AND HAVE A POSSIBILITY OF RECOVERY.**

Revlon and BMS base their contention that Randall's was improperly joined solely on Tex. Civ. Prac. & Rem. Code § 82.003, which eliminates liability for innocent product retailers or wholesalers. But Revlon and BMS failed to read the entire statute. While Section 82.003 does create a general rule eliminating liability for non-manufacturing sellers, it also includes a number of exceptions to the general rule. For example, pursuant to § 82.003(6):

> A seller that did not manufacture a product is not liable for harm caused to the claimant by that product ***unless*** the claimant proves*:*
> ...
> (6) that:
> (A)   the seller actually knew of a defect to the product at the time the seller supplied the product; and
> (B)   the claimant's harm resulted from the product … "

Tex. Civ. Prac. & Rem. Code § 82.003 (emphasis added).

Plaintiffs have alleged that Mr. Williams was harmed by talcum powder products purchased from Randall's, and that Randall's was negligent "in failing to recall and/or remove Defendants' Products from the stream of commerce despite knowledge of the unsafe and

3

dangerous nature of Defendants' Products." (Doc. 1-1 at 10)[1] In addition, Plaintiffs allege that "[t]he injuries, illnesses and disabilities of Plaintiff Marvin Williams are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, designed, sold and/or otherwise put into the stream of commerce Defendants' products which the Defendants knew, or in the exercise of ordinary care should have known, were deleterious and highly harmful to Plaintiff's health and well-being." (*Id*. at 9) Furthermore, Plaintiffs assert that "Defendants [including Randall's] and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff Marvin Williams and his family members of the opportunity of informed free choice as to whether to use Defendants' Products or to expose himself to said dangers. Defendants committed the above-described wrongs by willfully mispresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' Products." (*Id*. at 12) These allegations against Defendants, including Randall's, fall squarely within the § 82.003(6) exception. As such, Plaintiffs have asserted colorable causes of action against Randall's upon which there is a reasonable basis they can recover.

Revlon and BMS fail to prove that Randall's is a "sham" defendant, added to defeat jurisdiction. *Smallwood* at 574. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573. Plaintiffs properly pled colorable claims against Randall's that fall squarely within the § 82.003 exception, and therefore there is real possibility Plaintiffs will recover against Randall's. Revlon and BMS have failed to meet their

---

[1] "Defendants' Products" were defined as "asbestos and/or asbestos-containing products, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products, and/or raw asbestos fiber of various kinds and grades." (Doc. 1-1 at 7)

heavy burden of proving Plaintiffs are unable to establish a cause of action against Randall's. As a result, joinder of claims against Randall's was not improper, diversity is not complete, Revlon and BMS were not entitled to remove, and remand is mandated. *Id*. at 575.

## IV. CONCLUSION

Because Plaintiffs have asserted a claim against Randall's on which they may recover, Plaintiffs respectfully ask that this Honorable Court remand Plaintiffs' case back to the 152nd Judicial District Court of Harris County, pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted this 28th day of July, 2019.

By: _____

Darren McDowell
*dmcdowell@sgptrial.com*
SIMON GREENSTONE PANATIER, P.C.
1201 Elm Street, Suite 3400
Dallas, Texas 75270

Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was electronically served on all parties of record through the Court's Electronic Case Filing system.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of July, 2019.

_____
Darren McDowell