IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARVIN WILLIAMS and SHIRLEY WILLIAMS, | § § § § | |
| Plaintiffs, | § § | Case No. 4:19-cv-02337 |
| vs. | § § § | |
| AVON PRODUCTS, INC.; BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); BRENNTAG SPECIALTIES, TNC. f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); BRISTOL-MYERS SQUIBB COMPANY (sued individually and as successor-in-interest to CHARLES OF THE R1TZ); COLGATE-PALMOLIVE COMPANY (sued individually and as successor-in-interest to THE MENNEN COMPANY); CYPRUS MINES CORPORATION; CYPRUS AMAX MINERALS COMPANY (sued individually, doing business as, and as successor to AMERICAN TALC COMPANY; METROPOLITAN TALC CO. INC. and CHARLES MATHIEU | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

1

INC. and SIERRA TALC COMPANY §
and UNITED TALC COMPANY); §
**JOHNSON & JOHNSON;** §
**JOHNSON & JOHNSON CONSUMER** §
**INC.,** a subsidiary of JOHNSON & §
JOHNSON; §
**BMS CONSUMER PRODUCTS** §
**CORPORATION;** §
**RANDALL'S FOOD & DRUGS LP;** §
**RANDALL'S FOOD MARKETS, INC.;** §
**WHITTAKER CLARK & DANIELS,** §
**INC.;** §
**YVES SAINT LAURENT AMERICA,** §
**INC.,** a subsidiary of KERING §
HOLLAND NV, §
§
    **Defendants.** §
§

## DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION FOR REMAND

Defendants Revlon Consumer Products Company ("Revlon"), and Bristol-Myers Squibb Company ("BMS") (collectively "Defendants") file this Response in Opposition to Plaintiffs Marvin Williams and Shirley Williams's Motion for Remand, showing the Court as follows:

### I. INTRODUCTION

Removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Randall's Food & Drugs LP and Randall's Food Markets, Inc. ("Randall's") was improperly joined as defendants to destroy diversity. Plaintiffs Marvin Williams and Shirley Williams ("Plaintiffs") have not plead a reasonable basis of recovery on any single cause of action against Texas-based Randall's because their allegations fail to meet the requirements needed to invoke the exceptions under TEX. CIV. PRAC. & REM. CODE § 82.003(a) in order to hold a nonmanufacturer liable for products liability. As such, there is no possibility of recovery by the Plaintiffs against the in-state defendant, and thus

Randall's are improperly joined defendants. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Therefore, this case should not be remanded.

## II. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On May 23, 2019, Plaintiffs filed "Plaintiffs' Original Petition and Jury Demand" in the 152nd Judicial District, Harris County, Texas. Marvin Williams alleges exposure to asbestos in the talc used in various talcum powder products used by his mother's and sister's daily use on Plaintiff and his siblings, from his use of talcum powder on himself, and his wife's daily use of talcum powder on herself. (Doc. 1: Plaintiffs' Original Petition and Jury Demand pg. 5-7). Plaintiffs allege the asbestos-containing talcum powder products were supplied by Randall's Food & Drugs LP and Randall's Food Markets, Inc. *Id.*

On June 28, 2019, Revlon and BMS timely removed this case and asserted federal jurisdiction on the basis of diversity jurisdiction. Removal was proper because Randall's, the only in-state defendant, was an improperly joined to defeat diversity.

On July 29, 2019 Plaintiffs filed their Motion to Remand, claiming Revlon and BMS failed to meet the burden of proving Plaintiffs' are unable to establish a cause of action against Randall's, to which Defendants now respond. (Doc. 15).

## III. ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's allegations against Randall's are insufficient to establish a cause of action. Plaintiffs failed to adequately state a claim that falls within one of §82.003's listed exceptions; Plaintiffs do not have a reasonable basis for holding Randall's liable; and thus, remand of this case would be inappropriate due to improperly joined defendants. TEX. CIV. PRAC. & REM. CODE §82.003(a); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

In deciding a motion to remand based on jurisdiction when an in-state defendant is a party,

federal district courts must review the pleadings under the federal pleading standard because the question of improper joinder is solely about determining the federal court's jurisdiction. *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018). The district court should evaluate plaintiffs' claims under Rule 12(b)(6), which allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a) (2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Generally, if a plaintiff's pleading survives the Rule 12(b)(6) analysis, then there is no improper joinder. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005).

The removal jurisdiction question is limited to the state-court petition filed. *Bell v. Thornburg*, 743 F.3d 84, 85-86 (5th Cir. 2014) (per curiam). The court is restricted to the causes of action and allegations asserted in the complaint in determining whether the plaintiff has a reasonable basis for recovery on at least one claim under state law. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 668-69 n.2 (5th Cir. 2007); *see Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). A court must remand the entire suit to state court if the record reveals a reasonable basis of recovery on any single cause of action. *Gray ex Rel. Rudd v. Beverly Enterprises-Miss*, 390 F.3d 400, 412 (5th Cir. 2004).

"[A] removing defendant [need not] demonstrate an absence of *any possibility* of recovery . . . the defendant must demonstrate only that there is no *reasonable* basis for predicting that the plaintiff will recover in state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d

4

400, 405 (5th Cir. 2004) (emphasis in original). A "mere theoretical possibility of recovery under local law" is not enough. *See Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir.2000).

Any recovery theory pleaded against a nonmanufacturing seller, such as Randall's, must invoke one of the seven exceptions in TEX. CIV. PRAC. & REM. CODE §82.003(a). Plaintiffs' pleadings need not specifically cite to the exception, as long as plaintiffs fairly state a claim that falls within any one or more of the exceptions. *Casas v. The Tire Corral, Inc.*, 2005 WL 6773889, at *1 (S.D. Tex. Mar. 31, 2005). Plaintiffs claim that their allegations in the petition against Defendants "fall squarely within the §82.003(a)(6) exception." (Plaintiffs' Motion for Remand, pg. 4). However, none of the allegations pled in Plaintiffs' petition meet the requirements of any exception under §82.003(a).

Plaintiffs rely on §82.003(a)(6) to establish a cause of action against Randall's, which states that a nonmanufacturing seller "is not liable for harm caused to the claimant by that product unless the claimant proves:

(6) that:
    (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
    (B) the claimant's harm resulted from the defect..."

TEX. CIV. PRAC. & REM. CODE §82.003(a)(6).

The legislative purpose of § 82.003 is to "protect innocent sellers who are drawn into products liability litigation solely because of the vicarious nature of that liability" by requiring that the seller "know," not "should have known," that the product it sold had the defect that caused the plaintiff injury. *See Mix v. Target Corp.*, 759 F. Supp. 2d 876, 880 (W.D. Tex. 2010); *Gen. Motors Corp. v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249, 262 (Tex. 2006)).

Plaintiffs make general allegations in their state-court petition against various defendants. Plaintiffs generally allege the following against Randall's:

- "The injuries, illnesses and disabilities of Plaintiff Marvin Williams are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, designed, sold and/or otherwise put into the stream of commerce Defendants' products which the ***Defendants knew, or in the exercise of ordinary care should have known***, were deleterious and highly harmful to Plaintiff's health and well-being. (Plaintiffs' Original Petition and Jury Demand at 9).

- Randall's was "***negligent*** ... in failing to recall and/or remove Defendants' Products from the stream of commerce despite knowledge of the unsafe and dangerous nature of Defendants' Products." (*Id.* at 10).

- Randall's "***knew or should have known of the defects*** of the asbestos containing talc, and/or asbestos-containing products, and/or raw asbestos fiber of various kinds and grades they sold and/or supplied, and are strictly liable and negligent for failing to warn users and bystanders of potential health hazards from the use of said products." (*Id.* at 11).

- Randall's "***knew or should have known*** that the asbestos-containing talc, and/or asbestos-containing products, and/or raw asbestos fiber of various kinds and grades which they sold and supplied were unreasonably dangerous in normal use, and their failure to communicate this information constitutes negligence." (*Id.*).

- "Defendants [including Randall's] and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff Marvin Williams and his family members of the opportunity of informed free choice as to whether to use Defendants' Products or to expose himself to said dangers. Defendants committed the above-described wrongs by willfully mispresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' Products." (*Id.* at 12).

- "The actions of all Defendants [including Randall's] aided, abetted, encouraged, induced or directed the negligent and/or intentional actions of each and every other Defendant. Each of the Defendants ***knew or should have known*** that its individual actions would combine to cause the injuries, illnesses and disabilities of Plaintiff Marvis Williams." (*Id.* at 15).

Plaintiffs' allegations of negligence and gross negligence against Randall's fail to meet the requirements of § 82.003(a)(6). Plaintiffs do not explicitly allege that Randall's ***actually knew***

6

there was a defect in the products in their state petition. Rather, Plaintiffs made "should-have-known" allegations. Section 82.003(a)(6) requires the nonmanufacturing seller "actually knew of a defect to the product at the time the seller supplied the product." TEX. CIV. PRAC. & REM. CODE §82.

Further, under Texas law, gross negligence requires only "actual, subjective awareness" of an extreme risk and "conscious indifference to the rights, safety, or welfare of others." TEX. CIV. PRAC. & REM. CODE § 41.001 (11)(B). Plaintiffs petition does not invoke the exceptions of chapter 82 because under Texas law, "actual knowledge" of a specific product defect is not a required element of either negligence or gross negligence. *Evans v. Kawasaki Motors Corp., USA*, No. CIV.A. H-15-659, 2015 WL 4434073, at *4–7 (S.D. Tex. July 17, 2015) (holding that an allegation of gross negligence and negligence were insufficient for the purposes of Section 82.003(a)(6)). In *Evans v. Kawasaki Motors Corp., USA*, this Court held that it is improper to infer actual knowledge from gross negligence and negligence allegations against defendants. *Id*

Similarly, federal courts in this circuit routinely hold that should-have-known allegations do not invoke § 82.003(a)(6)'s actual-knowledge requirement. *See Pan v. Sumitomo Rubber Indus., Ltd.*, CIVIL ACTION NO. H-18-1201, at *8 (S.D. Tex. Jun. 20, 2018)(finding the plaintiff's allegation that in-state defendant "failed to warn of the known dangers" did not fall under the § 82.003(a)(6) exception because the petition did not allege that the in-state defendants knew of any defect in the product); *Patton v. Nike, Inc.*, No. 4:14-CV-631, 2015 WL 1546246, at *3 (E.D. Tex. Apr. 7, 2015) ("Under [Section 82.003(a)(6)], however, liability cannot be based on an allegation that a seller should have known of a defect in a product."); *Mix v. Target Corp.*, 759 F.Supp.2d 876, 881 (W.D. Tex. 2010) (rejecting the argument that complaints from other customers and lawsuits about other units of a product "equate to 'actual knowledge' of a 'defect'

7

under [Section] 82.003(a)(6)"); *Reynolds v. Ford Motors Co.*, 2004 WL 2870078, at *3 (N.D. Tex. Dec. 13, 2004) ("The language of section 82.003 clearly requires actual knowledge of the defect on the part of the seller. . . . Section 82.003 makes no reference to what a seller should have known or foreseen.").

Here, Plaintiffs' allegations against Randall's do not to meet the requirements of exception § 82.003(a)(6). Plaintiffs do not have a cause of action against Randall's upon which there is a reasonable basis they could recover. As such, Randall's is an improperly joined defendant.

## IV. CONCLUSION

Plaintiffs have not shown a reasonable basis to recover against the only in-state defendants, Randall's Food & Drugs LP and Randall's Food Markets, Inc. This defendant is an improperly joined party. Because the plaintiffs and the remaining defendants are diverse, removal was proper on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(b). For these reasons, Plaintiffs motion should be denied.

This 20th day of August 2019

Respectfully submitted,

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Kimberly Solomon*

By: Kimberly Solomon
State Bar No, 24081384
ksolomon@hpylaw.com
1717 West 6th Street, Suite 250
Austin, Texas 78703-4777
(512) 687-6900
(512) 687-6990 Fax

**ATTORNEY FOR DEFENDANTS REVLON CONSUMER PRODUCTS CORPORATION and BRISTOL-MYERS SQUIBB COMPANY**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was electronically served on all parties of record through the Court's Electronic Case Filing system. I certify under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of August 2019.

                                                      *Kimberly Solomon*
                                                      Kimberly Solomon

iManage 12709947v.1