## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SHIRLEY WILLIAMS**, Individually and as Anticipated Personal Representative of the Estate of **MARVIN WILLIAMS, SR.,** Deceased, and On Behalf of All Heirs, **PAMELA HALL, CHARISSE WHEELER, TERRELL CHAMBERS** and **MARVIN WILLIAMS, JR.,** Individually,<br>          *Plaintiffs,*<br><br>vs.<br><br>**AVON PRODUCTS, INC.;**<br>**BRENNTAG SPECIALTIES, INC.** f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.);<br>**BRISTOL-MYERS SQUIBB COMPANY** (sued individually and as successor-in-interest to CHARLES OF THE RITZ);<br>**JOHNSON & JOHNSON CONSUMER INC.,** a subsidiary of JOHNSON & JOHNSON;<br>**REVLON CONSUMER PRODUCTS CORPORATION;** and<br>**WHITTAKER CLARK & DANIELS, INC.,**<br>          *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 4:19-cv-02337** |

## REVLON CONSUMER PRODUCTS CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Revlon Consumer Products Corporation, (hereinafter "Revlon"), by and through its attorneys, Hawkins Parnell & Young LLP, hereby files its Answer to Plaintiff's First Amended Complaint (hereinafter referred to as the "Complaint"), dated April 1, 2020, as follows:

# I. PARTIES

1.      Revlon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 1 through 11 and Paragraph 13.

2.      Revlon denies the allegations set forth in Paragraph 12 of the Complaint.

# II. JURISDICTION

3.      Paragraphs 14 through 16 of the Complaint contains no allegations warranting a response, and to the extent a response is required, Revlon denies all allegations as they pertain to Revlon and is without knowledge or information as to the truth of the allegations as they pertain to any other defendant and refers all questions of law to the Court.

# III. VENUE

4.      Paragraph 16 of the Complaint contains no allegations warranting a response, and to the extent a response is required, Revlon denies all allegations as they pertain to Revlon and is without knowledge or information as to the truth of the allegations as they pertain to any other defendant and refers all questions of law to the Court.

# IV. FACTUAL SUMMARY

5.      Revlon denies the allegations contained in Paragraph 17 of the Complaint, including all subparts, as they pertain to Revlon, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

# V. ALLEGATIONS AGAINST ALL DEFENDANTS

6.      Revlon denies the allegations contained in Paragraphs 18 through 25 (a-h) as they

pertain to Revlon, including all subparts, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

## VI. ALLEGATIONS AGAINST SUPPLIER DEFENDANTS

7.      With respect to the allegations contained in Paragraph 26 of the Complaint, Revlon repeats and incorporates its responses to Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

8.      Paragraphs 27 through 31 of the Complaint contain no allegations warranting a response by Revlon, and to the extent a response is required, Revlon denies all allegations as they pertain to Revlon and is without knowledge or information as to the truth of the allegations as they pertain to any other defendant and refers all questions of law to the Court.

## VII. CONSPIRACY ALLEGATIONS AGAINST ALL DEFENDANTS

9.      With respect to the allegations contained in Paragraph 32 of the Complaint, Revlon repeats and incorporates its responses to Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

10.      Revlon denies the allegations contained in Paragraphs 33 through 36 of the Complaint as they pertain to Revlon, including all subparts, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendants, and refers all questions of law to the Court.

## VIII. GROSS NEGLIGENCE/MALICE ALLEGATIONS AGAINST ALL DEFENDANTS

11.      With respect to the allegations contained in Paragraph 37 of the Complaint, Revlon repeats and incorporates its responses to Paragraphs 1 through 36 of the Complaint as if fully set

forth herein.

12.     Revlon denies the allegations contained in Paragraph 38 of the Complaint as they pertain to Revlon, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

## IX. AIDING AND ABETTING ALLEGATIONS AGAINST ALL DEFENDANTS

13.     With respect to the allegations contained in Paragraph 39 of the Complaint, Revlon repeats and incorporates its responses to Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

14.     Revlon denies the allegations contained in Paragraphs 40 through 42 of the Complaint as they pertain to Revlon, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

## X. NEGLIGENCE PER SE ALLEGATIONS AGAINST ALL DEFENDANTS

15.     With respect to the allegations contained in Paragraph 43 of the Complaint, Revlon repeats and incorporates its responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

16.     Revlon denies the allegations contained in Paragraphs 44 through 46 of the Complaint as they pertain to Revlon, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

## XI. FRAUD AGAINST DEFENDANTS AVON PRODUCTS, INC., BRENNTAG SPECIALTIES, INC. f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually

**and as success-in-interest to WHITTAKER CLARK & DANIELS, INC.), BRISTOL-**

**MYERS SQUIBB COMPANY (sued individually and as successor-in-interest to**

**CHARLES OF THE RITZ), JOHNSON & JOHNSON, JOHNSON & JOHNSON**

**CONSUMER INC., a subsidiary of JOHNSON & JOHNSON, REVLON CONSUMER**

**PRODUCTS CORPORATION, and WHITTAKER CLARK & DANIELS, INC.**

17.     With respect to the allegations contained in Paragraph 47 of the Complaint, Revlon repeats and incorporates its responses to Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

18.     Revlon denies the allegations contained in Paragraphs 48 through 54 of the Complaint as they pertain to Revlon, including all subparts, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

## XII. BASIS FOR PUNITIVE DAMAGES

19.     With respect to the allegations contained in Paragraph 55 of the Complaint, Revlon repeats and incorporates its responses to Paragraphs 1 through 54 of the Complaint as if fully set forth herein.

20.     Revlon denies the allegations contained in Paragraphs 56 through 58 of the Complaint as they pertain to Revlon, including all subparts, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

## XIII. DAMAGES

21.     With respect to the allegations contained in Paragraph 59 of the Complaint, Revlon

repeats and incorporates its responses to Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

22.     Revlon denies the allegations contained in Paragraphs 59 through 61 of the Complaint as they pertain to Revlon, including all subparts, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any other defendant, and refers all questions of law to the Court.

## JURY DEMAND

23.     This Paragraph of the Complaint contains no allegations warranting a response, and to the extent a response is required, Revlon denies all allegations as they pertain to Revlon and is without knowledge or information as to the truth of the allegations as they pertain to any other defendant and refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24.     All claims are time-barred by the applicable Statute of Limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25.     All causes of action have not been maintained in a timely fashion, and Plaintiffs' have neglected the same and should be barred by the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

26.     The Court lacks jurisdiction over the subject matter of this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27.     Plaintiffs' claims are barred by the doctrine of estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28.     Plaintiffs' claims are barred by the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29.    The Complaint, and each and every allegation considered separately, fails to state any cause of action against Revlon upon which relief can be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

30.    Since Plaintiffs are unable to identify the manufacturers of the substance, product, or equipment which allegedly caused the injury, Plaintiffs fail to state a claim upon which relief may be granted, since if such relief were granted, it would deprive Revlon of its constitutional rights to substantive and procedural due process of law and equal protection under the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

31.    The causes of action asserted herein by Plaintiffs, who admittedly are unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that Plaintiffs have asserted claims for relief which, if granted, would constitute a taking of private property for public use, without just compensation. Such a taking would contravene Revlon's constitutional rights as preserved for it by the Fourteenth Amendment of the Constitution of the United States.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

32.    Revlon asserts that if Plaintiffs' have released, settled, entered into an accord and satisfaction, or otherwise compromised Plaintiffs' claims herein, then accordingly, said claims are barred or reduced by payment, accord, satisfaction, arbitration and award, release and res judicata.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

33.     Plaintiffs' claims for exemplary or punitive damages against Revlon violate Revlon's rights under Article 1, §§ 1, 10, and 19 and the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, the Constitution of the State of Texas, and any other state's law that might apply, in that such damages deprive Revlon of procedural and substantive Due Process; subject Revlon to Double Jeopardy; deprive Revlon of Equal Protection; give the jury unfettered discretion to award punitive damages on vague grounds with no objective standards, without the presumption of innocence, and improperly allows for joint and several liability resulting in different penalties for the same or similar acts.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

34.     The allegations set forth in the Complaint do not state a claim against Revlon which would authorize or entitle Plaintiffs' to recover punitive or exemplary damages as set forth under the laws of Texas.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

35.     Any award for punitive damages based on anything other than Revlon's conduct in connection with the distribution of the product that is subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas because any other judgment for punitive damages in this case cannot protect Revlon against impermissible multiple punishment for the same wrong.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

36.     Upon information and belief, Revlon conformed to the scientific knowledge and

data available to the industry and fulfilled its obligations, if any, and its activities and undertakings, if any, were conducted in a reasonable fashion, without recklessness, malice or wantonness, and Plaintiffs' may not recover herein any exemplary or punitive damages against Revlon.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

37.     The Complaint on its face shows a misjoinder of parties.  Additionally, Plaintiffs' have failed to join proper, necessary, and indispensable parties to this action, some of whom cannot be made parties.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

38.     The Court lacks in personal jurisdiction over Revlon.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

39.     Revlon is not a proper party defendant.

### AS AND FOR A SEVENTEETH AFFIRMATIVE DEFENSE

40.     If Plaintiffs' should prove that injuries and damages were sustained as alleged, such injuries and damages resulted from acts or omissions on the part of third parties over whom Revlon had neither control nor right of control.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

41.     Plaintiffs' cannot prove a prima facie case as Revlon breached no duty whatsoever to Plaintiffs' whether arising by statute, by common law, or otherwise, including but not limited to any duty to warn of any dangers; and no act or omission by Revlon proximately caused or proximately contributed to Plaintiffs' alleged injuries or damages.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

42.     While Revlon denies the allegations of Plaintiffs' with respect to liability, injury

and damages, to the extent to which Plaintiffs' may be able to prove the same, they were the result of intervening and/or interceding acts of superseding negligence on the part of third parties over whom Revlon had neither control nor right of control.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

43.     While denying Plaintiffs' allegations with respect to liability, to the extent that negligence or improper conduct may be proved, the acts of Revlon are not a proximate cause of any injuries to Plaintiffs.

## AS A FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

44.     At all times during the conduct of their corporate operations, the agents, servants and/or employees of Revlon complied with all applicable law, regulations, standards and the available knowledge and technology of the medical, scientific and industrial communities.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

45.     If it should be proven at the time of trial that any of Revlon's products were furnished to Plaintiffs' employers or to the United States Government and that Plaintiffs' came into contact with these products, which is specifically denied, then any such product was furnished in strict conformity to the conditions specified or to the specifications furnished by Plaintiffs' employers and/or the United States Government.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

46.     Plaintiffs', and to the extent applicable, Plaintiffs' co-workers and employers, misused, abused, mistreated and misapplied the products and materials as alleged in the Complaint, and in the exercise of ordinary care could have avoided the consequences of any alleged negligence on the part of Revlon, there can be no recovery against Revlon.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

47.     If the Court finds that any misuse, abuse, mistreatment and/or misapplication of the products caused and/or contributed to the alleged damages or injuries to Plaintiffs', then Revlon requests that the amount of damages which might be recovered shall be diminished by the proportion which the same misuse, abuse, mistreatment and/or misapplication attributed to the Plaintiffs', Plaintiffs' co-workers, and/or employers bears to the conduct which caused the alleged injuries or damages.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

48.     Revlon neither gave, made, nor otherwise extended any warranties, whether express or implied, upon which Plaintiffs' had a right to rely.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

49.     Any oral warranties upon which Plaintiffs' allegedly relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

50.     As to all the causes of action pleaded in the Complaint which may be based upon express or implied warranties and/or representations, such causes of action are legally insufficient, as against Revlon, by reason of Plaintiffs' failure to allege privity of contract between Plaintiffs' and Revlon, which is specifically denied.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

51.     In the event that any breach of express or implied warranty is proven, Plaintiffs' failed to give proper and prompt notice of any such breach of warranty to Revlon.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

52.     Plaintiffs' did not directly or indirectly purchase any asbestos-containing products from Revlon, and Plaintiffs' neither received nor relied upon any warranty or representation that may be alleged to have been made by Revlon.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

53.     To the extent to which the causes of action pleaded by Plaintiffs' fail to accord with the Uniform Commercial Code, including, but not limited to Section 2-725 thereof, the Complaint is time-barred.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

54.     Revlon denies that Plaintiffs' had any exposure to any asbestos-containing product allegedly processed, manufactured, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold, and/or otherwise placed in the stream of commerce by Revlon, and more particularly, denies, upon information and belief, that Revlon processed, manufactured, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold and/or otherwise placed in the stream of commerce any asbestos-containing product at the times and upon the dates alleged in the Complaint.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

55.     Revlon denies specifically that, during the periods of exposure alleged in the Complaint by the Plaintiffs', it processed, manufactured, designed, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold and/or otherwise placed in the stream of commerce a substantial and/or any percentage of the asbestos-containing products to which Plaintiffs was caused to come into contact and which caused Plaintiffs' to breathe, inhale and

digest and which thereby caused Plaintiffs' injuries and Plaintiffs' resulting damages alleged in the Complaint.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

56.     In the event it should be proven at the time of trial that all defendants are subject to market share liability, then Revlon's share of such liability would constitute such a de minimums amount as to make its contribution for damages negligible, and Revlon would be entitled to contribution, either in whole or in part, from the co-defendants not represented by this answer.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

57.     Upon information and belief, Plaintiffs' failed to mitigate or otherwise act to lessen or reduce the injuries and disability alleged in the Complaint.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

58.     Revlon specifically denies that the products alleged in the Complaint are products within the meaning and scope of the Restatement of Torts §402A, and as such, the Complaint fails to state a cause of action in strict liability.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

59.     The doctrine of strict liability in tort is inapplicable to this litigation.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

60.     Plaintiffs' contributed to their injuries by the use, either in whole or in part, of other substances, products, medications and/or drugs.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

61.     Plaintiffs' and/or their employers were sophisticated purchasers/users of the subject product upon whom devolved all responsibility for the use of the products referred to in the

Complaint.

## AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

62.     At all times material hereto, the state of the medical, industrial, and scientific arts, knowledge and technology was that there was no generally accepted or recognized knowledge of any unavoidably unsafe, inherently dangerous, hazardous or defective character or nature of talc-containing products when used in the manner and for the purposes intended, so that there was no duty by Revlon to know of such character or nature or to warn Plaintiffs' or others similarly situated, and that, to the extent such duty arose, adequate warnings either were given or were not necessary under all circumstances.

## AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

63.     Revlon asserts the state-of-the-art defense insofar as knowledge of the dangers of what Plaintiffs' complain was not known and could not reasonably have been discovered at the time such products were manufactured, sold or otherwise placed into the stream of commerce.

## AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

64.     To the extent Plaintiffs assert any claim against Revlon as a seller of a product that Revlon had no knowledge of any defect in any product and could not have discovered any alleged defect in such product while exercising ordinary care.

## AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

65.     All defenses which have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to the Complaint to the extent same are applicable and not adverse to Revlon.  In addition, Revlon will rely upon any and all other further defenses which become available or appear during discovery

proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

## AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

66.     Revlon reserves the right to amend this pleading to assert additional defenses upon discovery of the specific facts upon which Plaintiffs' bases their claims for relief, and upon completion of further discovery.

## AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

67.     Revlon alleges that Plaintiffs' claims in their entirety and each of them individually, as well as this action are preempted by federal statutes and regulations governing

work place exposure to asbestos.

## AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

68.     This action cannot be maintained as there is another action pending for the same relief.

## AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

69.     Plaintiffs' claims are barred because of Plaintiffs' failure to join necessary and indispensable parties.

## AS AND FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE

70.     Plaintiffs' claims should be dismissed on grounds of improper venue and/or forum non conveniens.

## AS AND FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE

71.     Plaintiffs' claims should be dismissed on grounds of improper service of process.

## AS AND FOR A FORTY-NINTH AFFIRMATIVE DEFENSE

72.     Revlon reserves the right to move for a severance of the various allegations in the Complaint.

## AS AND FOR A FIFTIETH AFFIRMATIVE DEFENSE

73.     Any damages which may have been sustained by Plaintiffs' were caused or contributed to by reason of the culpable conduct of the Plaintiffs'.

## AS AND FOR A FIFTY-FIRST AFFIRMATIVE DEFENSE

74.     Insofar as the Complaint, and each cause of action considered separately, alleges a cause of action to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to the Plaintiffs', including contributory negligence, comparative negligence, gross negligence, and/or assumption of risk, in the proportion which the culpable conduct attributable to Plaintiffs' bears to the culpable conduct which caused the damages.

## AS AND FOR A FIFTY-SECOND AFFIRMATIVE DEFENSE

75.     The Complaint fails to set forth any allegations against Revlon with sufficient particularity to constitute a cause of action for fraud, fraudulent concealment, concert of action, conspiracy, or the like. Therefore, no fraud claims have been properly brought by this Complaint and any future claims of fraud raised in this manner are equally non-compliant and barred.

## AS AND FOR A FIFTY-THIRD AFFIRMATIVE DEFENSE

76.     Revlon asserts it may not be held liable due to the acts or omissions of any entities, whether parties or non-parties to this action, for whose acts or omissions it is not liable pursuant to the rules governing successor liability, alter ego liability, de facto merger liability, or otherwise.

## AS AND FOR A FIFTY-FOURTH AFFIRMATIVE DEFENSE

77.     The injuries allegedly suffered by the Plaintiffs', if any, which injuries are specifically denied by Revlon, were the result of the culpable conduct or fault of third persons for whose conduct Revlon is not legally responsible, and the damages recovered by the Plaintiffs, if any, should be diminished or reduced in proportion to said culpable conduct which caused the damages.  Any liability on the part of Revlon, which liability is specifically denied, is fifty percent or less of the liability of all entities who are the cause of the alleged injuries, if any, and the liability of Revlon for non-economic loss does not exceed Revlon's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss pursuant to Civil Practice Law and Rules Section 1601 through 1603.

## AS AND FOR A FIFTY-FIFTH AFFIRMATIVE DEFENSE

78.     Revlon does not admit culpability or liability to Plaintiffs', but to the extent permitted, is entitled to a setoff of damages based on reimbursement to Plaintiffs' from collateral sources.

## AS AND FOR A FIFTY-SIXTH AFFIRMATIVE DEFENSE

79.     Plaintiffs' claims that Revlon's products were capable of releasing asbestos fibers into the air is inconsistent with the science and must be considered speculative as a matter of law.

## AS AND FOR A FIFTY-SEVENTH AFFIRMATIVE DEFENSE

80.     Any Revlon products that Plaintiffs' claim exposure to were designed, manufactured and marketed in accordance with the State of the Art before leaving Revlon's control.

## AS AND FOR A FIFTY-EIGHTH AFFIRMATIVE DEFENSE

81.     As to each and every cause of action, Revlon alleges that all of its conduct and activities as alleged in the Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at all relevant times.

## AS AND FOR A FIFTY-NINTH AFFIRMATIVE DEFENSE

82.     As to each and every cause of action, Revlon alleges that Plaintiffs' injuries and damages, if any, were proximately caused or contributed to by Plaintiffs' unforeseeable idiosyncratic condition, unusual susceptibility, or hypersensitive reactions for which Revlon is not liable.

## AS AND FOR A SIXTIETH AFFIRMATIVE DEFENSE

83.     Plaintiffs failed to timely notify Revlon of any alleged defect with respect to its products, Revlon denies that there was any design or manufacturing defect or any other defect for which it was responsible in its product, with the result being that there can be no recovery against Revlon.

## AS AND FOR A SIXTY-FIRST AFFIRMATIVE DEFENSE

84.     Revlon's products were neither defective nor unreasonably dangerous and could not have caused the injury and/or damage alleged in the Complaint. Thus, there can be no recovery against Revlon.

## AS AND FOR A SIXTY-SECOND AFFIRMATIVE DEFENSE

85.     Revlon has fully complied with all applicable governmental laws and regulations with regard to labeling and publishing cautionary instructions with respect to its products with the result that Revlon has breached no duty, if any such duty ever existed, to warn and thus there can

be no recovery against Revlon.

## AS AND FOR A SIXTY-THIRD AFFIRMATIVE DEFENSE

86.     On information and belief, Revlon alleges that Plaintiffs' agents negligently or intentionally failed to preserve, and permitted the spoliation of, material evidence, including but not limited to the products which Plaintiffs' allege give rise to Plaintiffs' Complaint. Such conduct bars Plaintiffs' action and/or gives rise to liability on the part of Plaintiffs for damages payable to Revlon.

## AS AND FOR A SIXTY-FOURTH AFFIRMATIVE DEFENSE

87.     There is no concert of action between Revlon and any of the other defendants herein. Defendants are not joint tortfeasors and accordingly, Revlon may not be held jointly and severally liable with the other defendants.

## AS AND FOR A SIXTY-FIFTH AFFIRMATIVE DEFENSE

88.     Plaintiffs' causes of action pertaining to loss of consortium are barred because Plaintiffs and/or Decedents were not married at the time the alleged injury occurred.

## AS AND FOR A SIXTY-SIXTH AFFIRMATIVE DEFENSE

89.     Any loss or disruption of marital services, society, affection, companionship or sexual relations of Plaintiffs' was not proximately caused by any conduct, act, or omission on the part of Revlon.

## AS AND FOR A SIXTY-SEVENTH AFFIRMATIVE DEFENSE

90.     Each and every count of Plaintiff's Complaint, to the extent the count pertains to the manufacture and sale of talc-containing cosmetic products, is preempted by the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 301-399(a) (2015), in that the FDA has primary

and exclusive jurisdiction over the safety of cosmetic talc-containing products and primary and exclusive jurisdiction to determine whether any warning must accompany cosmetic talc-containing products. The FDA has ruled, on multiple occasions, that cosmetic grade talc is a safe substance when used as intended and further ruled that manufacturers need not provide any warnings on, or in connection with the sale of, cosmetic grade talc-containing products. Each and every count of Plaintiff's standard complaint, to the extent the count pertains to cosmetic talc-containing products, is also preempted, in whole or in part, by other applicable state and/or federal statutes, rules, standards and/or regulations.

## AS AND FOR A SIXTY-EIGHTH AFFIRMATIVE DEFENSE

91.    Each and every count of Plaintiff's Complaint, to the extent the count pertains to the manufacture and/or sale of talc-containing cosmetic products, is subject to the FDA's primary jurisdiction. Consequently, each and every count of Plaintiff's Complaint, to the extent that it pertains to talc-containing cosmetic products, should be dismissed or stayed pending further FDA review of whether any warning must accompany, or other restrictions be placed upon the manufacture and sale of, talc-containing cosmetic products. Each and every count of Plaintiffs' Complaint, to the extent the count pertains to the manufacture and/or sale of cosmetic grade talc-containing products, is an unauthorized and improper attempt to enforce privately a claim under the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 301-399(a) (2015).

## CROSS-CLAIMS FOR INDEMNIFICATION AND CONTRIBUTION

Defendant Revlon by way of cross-claims for indemnification and contribution against all defendants says:

## FIRST COUNT

92.     If Plaintiffs' sustained damages at the time and place set forth in the Plaintiffs' Complaint through any carelessness, recklessness, and/or negligence other than that of Plaintiffs' themselves, including, but not limited to, the manufacture and distribution of asbestos products, breach of warranty and/or misrepresentation, either expressed or implied, and in strict liability in tort, these damages will have been caused and brought about by reason of the carelessness, recklessness, and/or negligence of the co-defendants not represented by this standard Answer.

## SECOND COUNT

93.     If Plaintiffs' should recover a judgment against Revlon, by operation of law or otherwise, Revlon will be entitled to judgment, contribution and/or indemnity over and against the co-defendants not represented by this standard answer, their agents, servants and/or employees, by reason of their carelessness, recklessness, and/or negligence for the amount of any such recovery or a portion thereof, in accordance with principles of law regarding apportionment of fault and damages, along with costs, disbursements and reasonable expenses of the investigation and defense of these actions, including reasonable attorneys' fees.

WHEREFORE, Revlon demands judgment dismissing Plaintiffs' Complaint with costs and disbursements, and in the event of any judgment against Revlon, it demands judgment, contribution and/or indemnity over and against the co-defendants not represented by this standard answer for the amount of any such recovery or a portion thereof, in accordance with the principles of law regarding apportionment of fault and damages, along with costs and disbursements, including reasonable attorneys' fees.

## ANSWER TO CROSS-CLAIMS AND
## COUNTERCLAIMS OF ANY PARTY TO THIS ACTION

94.     Revlon by way of an answer to any cross-claims or counterclaims asserted by co-defendants states:

95.     Revlon denies each and every allegation of the cross-claims and counterclaims asserted against Revlon by any party, including claims for contribution, common law indemnification and contractual indemnification.

Dated: April 16, 2020

**Respectfully submitted,**

**HAWKINS PARNELL & YOUNG, LLP**


By:    /s/ *Kimberly Solomon*
         KIMBERLY SOLOMON
         State Bar No. 24081384
         ksolomon@hpylaw.com

         2705 Bee Caves Road, Suite 220
         Austin, Texas 78746
         512-687-6900

**ATTORNEY FOR DEFENDANT**
**REVLON CONSUMER PRODUCTS**
**CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April 2020, a true and correct copy of the above and foregoing instrument was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Dana C. Simon
State Bar No. 24032191
SIMON, GREENSTONE, PANATIER &
BARTLETT, PC
1201 Elm Street, Suite 3400
Dallas, Texas 75270
(214) 276-7680
(214) 276-7699 fax
dsimon@sgptrial.com

**Attorneys for Plaintiffs,**
**Marvin Williams and**
**Shirley Williams**

Brent Sedge
Tracy Wolf
Andrea Paschal
LEWIS BRISBOIS
2100 Ross Ave., Suite 2000
Dallas, Texas 75201
(214) 722-7130
(214) 722-7111 fax
Brent.sedge@lewisbrisbois.com
Tracy.wolf@lewisbrisbois.com
Andrea.paschal@lewisbrisbois.com

**Attorneys for Defendant**
**AVON PRODUCTS, INC.**

Todd Ogden
MARSON MARVEL BRADLEY ANDERSON
& TARDY
2001 Bryan Street, Suite 3050
Dallas, Texas 75201
(214) 736-9608
(469) 206-5501 fax
togden@marsonmarvel.com

**Attorney for Defendants**
**BRENNTAG SPECIALTIES, INC.**
**WHITTAKER CLARK & DANIELS, INC.**

Cori Steinman
KING & SPALDING
500 W. 2nd Street, Suite 1800
Austin, Texas 78701
(512) 457-2008
csteinmann@kslaw.com
Helenia Formosa
KING & SPALDING
1100 Louisiana, Suite 4000
Houston, Texas 77002
(713) 276-7441
(713) 751-3290 fax
hformoso@kslaw.com

**Attorneys for Defendant**
**JOHNSON & JOHNSON**
**JOHNSON & JOHNSON CONSUMER, INC.**

_/s/ Kimberly Solomon_
Kimberly Solomon